IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROSA PINEDA SANCHEZ, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:12-CR-319-TCB-LTW-4 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:14-CV-2161-TCB-LTW |

**FINAL REPORT AND RECOMMENDATION**

Movant is confined at the federal prison in Aliceville, Alabama. Movant, pro se, filed a motion challenging her sentence under 28 U.S.C. § 2255. (Doc. 251 in 1:12-cr-319-TCB-LTW.)[1]

Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion."[2] Rule 4, § 2255 Proceedings. The undersigned has

---

[1] All citations to the record are to 1:12-cr-319-TCB-LTW.

[2] District courts may sua sponte dismiss § 2255 motions after affording the parties fair notice. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006). This Report and Recommendation provides such notice.

examined Movant's § 2255 motion and the record in this case and finds it plainly apparent that Movant is not entitled to relief for the reason explained below.

On April 15, 2013, Movant pled guilty, pursuant to a negotiated plea agreement, to conspiracy to distribute cocaine. (Doc. 144-1 ("Plea Agr."); Doc. 252 ("Plea Tr.").) In the plea agreement, Movant "voluntarily and expressly waive[d] the right to appeal her conviction and sentence and the right to collaterally attack her conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground." (Plea Agr. at 11.) The only exceptions to that waiver were that Movant could file a direct appeal if the Court departed upward or varied from the sentencing range calculated under the U.S. Sentencing Guidelines (the "Guidelines") or if the government appealed. (*Id.*) None of those things happened.

The Court sentenced Movant to ninety-seven months' imprisonment and five years of supervised release. (Doc. 175.) Attorney Vernon Smith represented Movant.

Movant appealed, but her appeal was dismissed in March 2014 for want of prosecution. (Doc. 244.) Movant then filed her § 2255 motion. (Doc. 251.)

Movant claims in her § 2255 motion that the Court erred in not reducing her Guidelines sentencing range by two levels for her minor role in the offense and that

Smith rendered ineffective assistance by not seeking that reduction. (*Id.* at 1-2.) Movant contends that the evidence supported the two-level reduction. (*Id.*) Movant requests that the Court vacate her sentence, apply the minor role adjustment, and re-sentence her to no more than seventy-eight months' imprisonment. (*Id.*)

Movant's claim is barred by the appeal waiver in her plea agreement. An appeal waiver, including a waiver of the right to collaterally challenge a conviction or sentence via § 2255, must be enforced if it is made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The waiver is knowing and voluntary if either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Williams*, 396 F.3d at 1341 (quotation marks omitted). That test is satisfied here.

At the plea hearing, the Court expressly questioned Movant about the appeal waiver in her plea agreement:

> THE COURT: There is a very important provision of your plea agreement regarding the waiver of your right to appeal, and it appears on page 11 of your plea agreement. Ordinarily in a criminal case, if the defendant is convicted, she has the right to appeal to the United States court of appeals.

3

> In addition, any defendant who is incarcerated in prison ordinarily has the right to file what we call a collateral attack against the judgment. And a collateral attack, let me describe what the collateral attack is. It is an attack on the proceeding, the underlying criminal proceeding, where the defendant claims that there was some defect in the proceeding and therefore she should be released from incarceration.
>
> Today if I accept your plea, you are waiving both the right to appeal and the right to collaterally attack the judgment and sentence forever. Do you understand that the – let me add: the only exceptions to this waiver of your appeal rights are, number one, if I sentence you to a term of imprisonment longer than the high end of your guidelines, guideline range, and two, if the government appeals. Other than those two exceptions, there are no other exceptions, and you would forever be waiving your right to appeal or collaterally attack the sentence. Do you understand that?
>
> [MOVANT]: Yes.

(Plea Tr. at 5-6.)

Movant's discussion with the Court about the appeal waiver demonstrates that she knowingly and voluntarily agreed to it. Movant does not contend otherwise, (Doc. 251), and her sworn statements at the plea hearing would refute any such claim. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987) (when a defendant pleads guilty, "there is a strong presumption that the statements made during the [plea] colloquy are true"). Movant's execution of the written plea agreement further demonstrates that she knowingly and voluntarily agreed to the

4

appeal waiver. (*See* Plea Agr.) The appeal waiver is valid and bars Movant's challenge to her sentence under § 2255.

Accordingly, the undersigned **RECOMMENDS** that Movant's § 2255 motion [251] be **DENIED** under Rule 4 of the § 2255 Rules and that civil action number 1:14-cv-2161-TCB-LTW be **DISMISSED**. The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED** because it is not reasonably debatable that the appeal waiver in the plea agreement bars Movant's claim. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 11 day of July, 2014.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)